NINFA MORMINO MASCARI, A. J. LYMAN, ADMR., ET AL. v. W. H. LASATER AND J. W. WOLFE.

(Filed 10 December, 1919.)

**Evidence—Contracts—Lands—Fraud—Questions for Jury—Trials.**

In this action to enforce a contract to purchase land wherein plaintiff's title was denied upon the alleged existence of a prior similar contract made with another, with allegation and evidence that the prior contract had been procured by fraud: *Held*, there was sufficient evidence to sustain a verdict and judgment in plaintiff's favor, and no error found upon the trial sufficient to disturb them.

APPEAL from *Finley, J.,* and a jury, at October Term, 1919, of BUNCOMBE.

Verdict and judgment for plaintiff, and defendant, W. H. Lasater, excepted and appealed.

*Mark W. Brown for plaintiff.*
*Merrimon, Adams & Johnston for defendants.*

PER CURIAM. The action was instituted by Mrs. Ninfa Mormino Mascari against W. H. Lasater and J. W. Wolfe to enforce a contract to purchase a lot belonging to plaintiffs, against the defendant, J. H. Wolfe, and to remove cloud upon plaintiff's title, created by a previous contract on part of Mrs. Mascari, the original plaintiff, to sell the same lot to W. H. Lasater, the ground of relief alleged against said Lasater being that his contract was procured by false and fraudulent representa-

tions on his part, inducing Mrs. Mascari to execute the same. Mrs. Mascari having died, her surviving husband, her three children and heirs at law, and A. J. Lyman, her administrator, were substituted as parties plaintiff seeking relief. Defendant Wolfe answered, admitting his agreement to buy at the price of $17,000, and his willingness to comply in case there should be no valid interference by reason of the previous contract with defendant Lasater. On the part of the latter there was denial of all allegations of wrongdoing, and averring that he held a valid contract for the property, duly registered, etc.

On issues submitted the jury rendered a verdict, in effect, that Mrs. Mascari was induced to execute the contract under which Lasater claimed his interest by false and fraudulent representations on his part; that the husband, Charlie Mascari, had neither signed nor acknowledged any execution of the alleged contract; that the *feme* plaintiff had not been privily examined touching her execution of the same, etc.

Upon the answer of defendant Wolfe, and the verdict on the issues between plaintiffs and defendant Lasater, there was judgment that said Wolfe comply with his contract of purchase; that the alleged contract with Lasater be declared void and of none effect; that he has no interest in the lot in controversy, and that reference to the judgment be entered on the registry docket of Buncombe County, where the instrument had been recorded, etc.

The controversy between these parties, almost exclusively one of fact, has been determined by the jury in plaintiff's favor. There were facts in evidence to justify the verdict, and we find no reason that will justify the Court in disturbing the results of the trial.

The objections to the rulings of the Court on questions of evidence can none of them be sustained. Some were very properly not insisted on in the brief, and those contended for are without merit, and could have had no appreciable effect or significance in the determination of the issues.

On careful consideration, we find no prejudicial error in the proceedings, and the judgment in plaintiff's favor is affirmed.

No error.